IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK JONES,**<br><br>             Petitioner,<br><br>      v.<br><br>**WARDEN OF USP ATWATER,**<br><br>             Respondent. | Case No. 1:16-cv-00300 MJS (HC)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM**<br><br>**[Doc. 1]** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus under the authority of 28 U.S.C. § 2241. Petitioner filed the instant petition on March 4, 2016. (Pet., ECF No. 1.)

Petitioner was sentenced to life imprisonment by the United States District Court for the Western District of Texas on October 2, 2003. (Id. at 2.) Petitioner alleges that he was placed in the Special Housing Unit, and on April 1, 2008, was given an incident report for violating prison regulations by threatening another with bodily harm, encouraging a group demonstration, assault, refusing to accept a program assignment, and refusing to obey a staff order. (Id. at 2-3.) Petitioner asserts that his due process rights were violated with regard to the disciplinary report as he was not provided the opportunity to be present at the disciplinary hearing. (Id.) However, Petitioner does not

provide any information regarding his punishment for the violations and whether it affected the fact or duration of his confinement.

## I. DISCUSSION

### A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:
If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B. Failure to State Cognizable Claim

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

In this case, Petitioner argues that his due process rights were violated with regard to the disciplinary hearing. However, he has not provided any factual support to

establish that the violation affected the fact or duration of Petitioner's confinement. For example, if the violation resulted in the loss of good time credit, and therefore increased the duration of Petitioner's confinement, it is possible that Petitioner could state a cognizable claim. Without alleging sufficient facts to implicate the duration of his confinement, Petitioner has not presented claims entitled to relief by way of a federal petition for writ of habeas corpus.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). As it is possible that a federal claim could be stated, Petitioner is provided the opportunity to file an amended petition to attempt to state a cognizable claim.

**II.     ORDER**

Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to state cognizable federal claims Petitioner is ORDERED to file an amended petition for writ of habeas corpus within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   March 4, 2016                        /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE