IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PATRICK JONES,**<br><br>Petitioner,<br><br>v.<br><br>**ANDRE MATEVOUSIAN,**<br><br>Respondent. | Case No. 1:16-cv-00300 LJO MJS (HC)<br><br>**FINDING AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 16]** |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent, Andre Matevousian, Warden, United States Prison, Atwater, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Pending before the Court is Respondent's motion to dismiss the petition under the common law abuse of the writ doctrine. (ECF No. 16.)

**I.   Background**

The instant petition challenges a Bureau of Prisons (BOP) prison disciplinary proceeding finding that Petitioner committed three offenses: assault (Code 224),

1

1  threatening another with bodily harm (Code 203), and refusing to accept a program
2  assignment (Code 306). The altercation that is the subject of the petition is described in
3  BOP Incident Report 1716824. As a sanction for the misconduct, the hearing officer
4  ordered that Petitioner lose 54 days of Good Conduct Time (GCT). Petitioner alleges
5  that the proceedings violated his due process rights because he did not receive notice of
6  the hearing, was denied an opportunity to present evidence and effective assistance of a
7  staff representative, and that the result of the proceedings was inconsistent with the
8  resolution of another incident in which he was involved. (Am. Pet., ECF No. 7 at 3-6.)

9  Respondent contends that Petitioner is barred from relief on these claims
10 because he has already presented these claims in a prior § 2241 petition. That prior
11 petition was denied by the United States District Court for the Eastern District of
12 Kentucky, and the district court's denial was affirmed by the United States Court of
13 Appeals for the Sixth Circuit. Accordingly, Respondent filed a motion to dismiss the
14 petition for the abuse of the writ doctrine on June 10, 2016. (Mot. to Dismiss, ECF No.
15 16.) Petitioner filed an opposition to the motion on August 3, 3016. (ECF No. 18.)
16 Petitioner appears to have filed a second motion for extension of time to file a traverse,
17 along with an identical copy of the traverse previously filed on August 3, 2010.
18 Accordingly, the motion for extension of time is denied as moot as the traverse was
19 already timely filed with the court.

20 **II.    Jurisdiction**

21     **A.    Subject Matter Jurisdiction**

22 Relief by way of a writ of habeas corpus extends to a prisoner in custody under
23 the authority of the United States who shows that the custody violates the Constitution,
24 laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner
25 who challenges the validity or constitutionality of his conviction must file a petition for writ
26 of habeas corpus under 28 U.S.C. § 2255, a federal prisoner challenging the
27 manner, location, or conditions of the execution of a sentence must bring a petition for
28

writ of habeas corpus under 28 U.S.C. § 2241. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-65 (9th Cir. 2000).

Petitioner's claims arise out of a disciplinary hearing conducted on April 22, 2008, resulting in a loss of good time credits. Petitioner asserts a violation of his due process rights at the disciplinary hearing.

If a constitutional violation has resulted in the loss of time credits, it affects the duration of a sentence and may be remedied by way of a petition for writ of habeas corpus. <u>Young v. Kenny</u>, 907 F.2d 874, 876-78 (9th Cir. 1990). The Court concludes that it has subject matter jurisdiction over the petition.

**B.   Jurisdiction over the Person**

28 U.S.C. § 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under § 2241 must file the petition in the judicial district of the Petitioner's custodian. <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. <u>Id.</u>; <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 446-47 (2004). It is sufficient if the custodian is in the territorial jurisdiction of the court at the time the petition is filed; transfer of the petitioner thereafter does not defeat personal jurisdiction that has once been properly established. <u>Ahrens v.Clark</u>, 335 U.S. 188, 193 (1948); <u>Francis v. Rison</u>, 894 F.2d 353, 354 (9th Cir. 1990).

While the disciplinary hearing occurred at the United States Penitentiary in Beaumont, Texas, Petitioner was incarcerated at the United States Penitentiary in Atwater, California (USP Atwater) at the time of filing this petition. USP Atwater is located within the Eastern District of California. Andre Matevousian, Warden at USP Atwater, is Petitioner's custodian and the proper respondent to this habeas action.

### III. Factual Background

#### A. Incident Report Number 1716824

On April 1, 2008, while incarcerated at the United States Penitentiary in Beaumont, Texas (USP Beaumont), Petitioner was involved in an incident in the institution's Special Housing Unit. The incident began when Petitioner refused to allow BOP staff to place another inmate in his cell. (Mot. to Dismiss, Ex. 2 at 16.) As a result, BOP staff removed Petitioner from his cell, and escorted him to another area of the institution. (Id.) While escorting Petitioner to the other area, Petitioner "began attempting to encourage a group demonstration by yelling to the other inmates, '[t]hey forcing me in a cell against my will. I'm not willing to go in a cell everybody. When they take these restraints off, I'm gonna [sic] show them why they shouldn't have.'" (Id.) BOP staff then placed Petitioner in a cell with other inmates. (Id.) Contrary to BOP staff orders, Petitioner rushed from the rear of the cell toward the other inmates in the cell, "bang[ing] his body against the other inmate['s] body." (Id.)

#### B. The Disciplinary Proceedings

BOP conducted a disciplinary hearing regarding Incident Report 1716824 on April 22, 2008. The hearing officer found that Petitioner violated offense "Code 224, Assault; Code 203, Threatening Another With Bodily Harm; and Code 306, Refusing an Order." (Mot. to Dismiss, Ex. 2 at 18-20.)

#### C. First § 2241 Proceedings regarding Incident Report 1716824

On July 8, 2009, while a prisoner at the United States Penitentiary – McCreary, in Pine Knot, Kentucky, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Kentucky challenging this disciplinary finding. (See Mot. to Dismiss, Ex. 1.) Petitioner claimed that he was denied due process during the proceedings regarding Incident Report 1716824 because (1) he did not receive notice of the hearing; (2) he was denied the opportunity to present witnesses and evidence in his defense; (3) he was denied staff assistance; and (4) the decision was inconsistent with prior decisions. (Id. at 18-19.)

On December 17, 2009, the United States District Court for the Eastern District of Kentucky rejected Petitioner's claims and denied his petition. See Jones v. Wilson, No. 6:09-cv-235-GFVT, 2009 U.S. Dist. LEXIS 118128, at *4-8 (E.D. Ky Dec. 17, 2009). The court held that the "claims [presented in the petition] are baseless," that he was provided due process, and did not present sufficient evidence to support his claims. Id.

Petitioner appealed the district court's denial to the United States Court of Appeals for the Sixth Circuit. (Mot. to Dismiss, Ex. 3) On October 26, 2011, the Sixth Circuit affirmed the district court's denial of the petition. (See Mot. to Dismiss, Ex. 4.) The Court stated in the decision that:

> Jones's contentions that he did not receive adequate notice of the hearing, did not refuse to attend the hearing, and that prison officials forged his signature on the form waiving his attendance at the hearing are completely unsupported and belied by the documentary evidence in the record.

Id. at 4. Petitioner subsequently filed a request for a rehearing *en banc*, which the Sixth Circuit denied on April 20, 2012. (See Mot. to Dismiss, Ex. 5.)

### D. Petitioner's Second § 2241 Petition

On March 4, 2016, Petitioner filed the instant § 2241 petition in this case challenging the disciplinary proceedings regarding Incident Report 1716824. (Pet., ECF No. 1.) On March 7, 2016, this court entered an order to show cause why Jones's petition should not be dismissed for failure to state a cognizable claim. (Order, ECF No. 6.) Petitioner filed an amended petition, alleging due process violations during the disciplinary proceeding. The Court ordered Respondent to file a response, resulting in the motion to dismiss, filed on June 10, 2016.

### IV. Abuse of the Writ

A district court need not consider claims that were previously raised or could have been raised in previous petitions unless declining to consider the claim "would result in a fundamental miscarriage of justice." The abuse of the writ doctrine forbids reconsideration of claims that were or could have been raised in a prior habeas petition, "unless a petitioner can show (1) cause for bringing a successive petition and that

prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to consider the claim." Alaimalo v. U.S., 645 F.3d 1042, 1049 (9th Cir. 2011) (quoting Calderon v. United States Dist. Ct., 163 F.3d 530, 538 (9th Cir. 1998)).

Petitioner has previously raised this issue in the Eastern District of Kentucky and has not demonstrated cause for re-raising the issue here. Petitioner has presented no evidence that the claims presented in this petition are different from those previously raised. Based on the doctrine of abuse of the writ, Petitioner is not entitled to habeas relief and the petition must be dismissed.

## V.     Recommendation

Accordingly, it is hereby recommended that the Motion to Dismiss be granted and the petition be dismissed with prejudice in violation of the abuse of the writ doctrine. It is further recommended that Petitioner's motion for extension of time be denied as moot as his traverse was timely filed.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     August 19, 2016                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE